IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| LATONYA DANCER | § | |
| v. | § | CIVIL ACTION NO. 5:16cv21 |
| RALPH BURGESS, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT</u>

The Plaintiff Latonya Dancer, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of her constitutional rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are Bowie County Judge Ralph Burgess and District Attorney Jerry Rochelle.

**I. Background**

Plaintiff states she stayed in the Bowie County Correctional Center for eight and a half months without being indicted. When she was released, a warrant was issued for having a prohibited substance in a correctional institution, a charge of which she had no knowledge. She states no offense report was ever filed. For relief, Plaintiff asks for removal of the charges from her record.

Court records show Plaintiff has also filed an application for the writ of habeas corpus under cause no. 5:16cv27. In this habeas application, she states she received a five-year sentence on July 16, 2012, for possession of a prohibited substance in a correctional facility. She states on October 12, 2010, a person named Denise Turner found her in the jail with "some items," but she was not

1

read her rights or re-booked in on any new charges. Plaintiff was released eight and a half months later without an indictment, but was arrested two weeks later without an offense report.

## II. The Magistrate Judge's Report

After review of the pleadings, the Magistrate Judge issued a Report recommending the lawsuit be dismissed. The Magistrate Judge stated habeas corpus is the exclusive remedy for state prisoners challenging the fact or length of their confinement, meaning Plaintiff cannot pursue a civil rights lawsuit asking for her conviction to be set aside; instead, she must pursue this claim for relief in her pending habeas corpus application.

## III. Plaintiff's Objections

In her objections, Plaintiff states she was unaware she had to specify all of the relief she seeks in the lawsuit. She asserts she is entitled to financial compensation for each day she spent falsely incarcerated on an offense of which she was wrongly convicted due to illegal and altered documents submitted through Bowie County. Plaintiff states she endured pain and suffering while in Bowie County, she was sexually assaulted while in the Texas Department of Criminal Justice, Correctional Institutions Division, she lost custody of her children, and she could not attend the funeral services of her oldest sibling. She also lost her home and vehicles, as well as years of her life, and she is now unable to receive public assistance because she has a conviction on her record. Plaintiff contends she was taken advantage of and "rushed through the system" because she cannot read or comprehend due to having only a sixth grade education.

## IV. Discussion

The Supreme Court has held in order to recover monetary damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct.

2364, 129 L.Ed.2d 383 (1994). Plaintiff's claims in the present lawsuit directly challenge the validity of her conviction for possession of a prohibited substance in a correctional institution, but she does not show her conviction has been overturned, expunged, or otherwise set aside; on the contrary, the application for the writ of habeas corpus which she filed was dismissed with prejudice on June 27, 2016. Because Plaintiff has not shown her conviction has been set aside, she cannot maintain a claim for monetary damages.

The Magistrate Judge correctly concluded Plaintiff could not seek to have her conviction set aside through a civil rights lawsuit, and Plaintiff did not object to this determination. Preiser v. Rodriguez, 411 U.S. 475, 488-90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *accord*, Cavett v. Ellis, 578 F.2d 567, 569 (5th Cir. 1978) (dismissing §1983 action seeking a declaratory judgment stating five state criminal convictions are invalid and an order directing the court clerks to expunge the records of these convictions). Her claims of being "rushed through the system" and "taken advantage of" also implicate the validity of her conviction and thus must be brought in habeas corpus rather than through a civil rights action.

Although Plaintiff complains of such matters as losing custody of her children, losing her home and car, and being unable to attend her oldest sibling's funeral as a result of her incarceration, as well as a sexual assault allegedly suffered while in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division, she fails to identify any way in which the named Defendants were responsible for these occurrences other than by their involvement in her conviction. Furthermore, none of these issues were raised in her original complaint. The Fifth Circuit has held issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001),

In any event, Plaintiff cannot obtain monetary damages against Judge Burgess or District Attorney Rochelle for actions taken in their official capacities because they are shielded by judicial and prosecutorial immunity. *See* Davis v. Tarrant County, Texas, 565 F.3d 214, 221 (5th Cir. 2009) (declaring judges generally have absolute immunity from suits for damages); Boyd v. Biggers, 31

F.3d 279, 285 (5th Cir. 1994) (acts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, occurring in the course of his role as advocate for the State, are entitled to absolute immunity from monetary damages). Plaintiff's objections likewise have no merit; in the interest of justice, however, it should be made clear her claim regarding a sexual assault allegedly suffered while in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division is dismissed without prejudice.

## IV. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 5) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** the above-styled civil action is **DISMISSED WITH PREJUDICE** for purposes of proceeding *in forma pauperis* as frivolous and for failure to state a claim upon which relief may be granted, except any claim which Plaintiff may have regarding an alleged sexual assault is dismissed without prejudice. It is further

**ORDERED** the Clerk shall send a copy of this Opinion to the Administrator of the Strikes List for the Eastern District of Texas. Finally, it is

**ORDERED** any and all motions which may be pending in this civil action are hereby **DENIED**.

**So ORDERED and SIGNED this 7th day of November, 2016.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE

4